# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Donald Andrew Driggs,<br><br>               Debtor. | Bky. No.:   13-42355<br><br>Chapter 11 |

## OBJECTION TO DISCLOSURE STATEMENT

To:    The Debtor, Donald Andrew Driggs, P.O. Box 405, Spring Park, MN 55384, and the other parties listed in Local Rule 9013-3.

      1.     Wells Fargo Bank, N. A. ("Wells Fargo"), a creditor of Debtor herein, submits this objection to the Debtor's disclosure statement filed with the Court on September 30, 2013 (the "Disclosure Statement") [Docket #33].

      2.     This objection is filed pursuant to Bankruptcy Rule 3020(b), Local Rules 3015-3, 3017-1, 3020-1, 3020-3, and 9013-3, and Wells Fargo requests that this Court enter an Order denying approval of the Disclosure Statement.

      3.     This case was originally filed under chapter 11 of the Bankruptcy Code on May 8, 2013 (the "Petition Date"), and is now pending in this Court.

      4.     This Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 1334(a) and 157(a), 11 U.S.C. § 1125, and applicable rules.  This matter is a core proceeding.

      5.     Hearing on the approval of the Disclosure Statement  is scheduled for December 17, 2013, at 2:30 p.m., before the Honorable Judge Gregory F. Kishel, in Courtroom 2A, 2nd Floor, 316 North Robert Street, St. Paul, MN 55101, or as soon thereafter as counsel may be heard.

      6.     Pursuant to Local Rule 9006-1, any response to this objection must be filed and

served by delivery or by mail not later than December 12, 2013, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays).

7.  Wells Fargo is a secured creditor of the Debtor pursuant to that certain promissory note, in the original principal amount of $100,000, dated December 19, 2002, and executed by the Debtor in favor of Wells Fargo (the "Note"), as well as that certain mortgage, dated December 19, 2002 (the "Mortgage"), securing the Note, and covering real property located at 29317 145th Street NE, Belgrade, Minnesota, 56312, legally described as follows, to wit:

> That part of the South 20 rods of the West 16 rods of the SW 1/4 of the NW 1/4 of Section 4, Township 122, Range 33, Kandiyohi County, Minnesota lying south of the following described line:  Commencing at the southwest corner of said SW 1/4 of the NW 1/4; thence on an assumed bearing of N 00º 22' 16" W, along the west line of said SW 1/4 of the NW 1/4, a distance of 161.77 feet to the point of beginning of the line to be described; thence N 89º 34' 51" E to the east line of said South 20 rods of the West 16 rods, and said described line there terminating.

(the "Property"), which Mortgage was originally filed with the Office of the County Recorder for Kandiyohi County, Minnesota, on December 23, 2002, as document number 492513.

8.  Wells Fargo objects to the adequacy of the Disclosure Statement on the following grounds:

    A.  The liquidation analysis is entirely conclusory and it does not adequately describe the assets of the Debtor or any of the assumptions used in determining the value listed therein.

    B.  The Debtor provides that he intends to "retain certain properties," yet has failed to exempt his ownership interest in said properties in his Schedules. *See* ¶ 1, Section 2.2, page 6.  Thus, unless the plan proposes to pay junior creditors in full or the junior creditors consent, any plan proposed may violate the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B)(ii).

    C.  There is no specific information in the Disclosure Statement regarding the Debtor's disposable income, which prohibits a creditor from ascertaining whether the provisions of § 1129(a)(15) are met. Debtors various versions of Schedules I and J indicate a negative monthly disposable income, which brings into question the feasibility of any plan of reorganization.

    D.  With regard to the treatment listed in the Disclosure Statement under Class

5 to be effectuated by the proposed chapter 11 plan, Wells Fargo specifically objects as follows:

i. The Debtor indicates that the value of the Property will be "deemed" to be $50,000. The tax-assessed value for 2014 is $106,500. The Debtor includes no information regarding the basis of his valuation of the Property.

ii. The Debtor proposes to modify the interest rate under the Note from 6.5% to 4%, without justification for said modification.

iii. The Debtor proposes to modify the principal amount owing under the Note to $50,000, to which Wells Fargo does not consent.

iv. In his factual recitation related to his dealings with Wells Fargo and the pendency of his prior chapter 11 case, the Debtor states that "because of this error and because of Wells Fargo's refusal to correct error stated above, [sic] would leave Wells Fargo unsecured." *See* Docket #33, pg. 4, ¶ 3. Wells Fargo is unable to ascertain to what particular indebtedness Wells Fargo's purported "unsecured" status currently relates.

9. In the event that the hearing on this Disclosure Statement is continued, or the Debtor submits an amended Disclosure Statement, Wells Fargo reserves the right to file and serve additional objections to the Disclosure Statement, as it may be amended, and to raise additional objections at any continued hearing on the adequacy of the Disclosure Statement.

**WHEREFORE**, Wells Fargo requests that this Court deny approval of the Debtor's Disclosure Statement and grant Wells Fargo such other and further relief as may be just and equitable.

Respectfully submitted,

**SCHILLER & ADAM, P.A.**

Dated: December 6, 2013         By: ***/e/ Jeffrey D. Klobucar***
Jeffrey D. Klobucar (#389368)
The Academy Professional Building
25 North Dale Street
St. Paul, MN 55102-2227
jklobucar@schillerandadam.com
Phone: (651) 332-5097

3

Fax: (651) 292-9482

***Attorneys for Wells Fargo Bank, N.A.***

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>Donald Andrew Driggs,<br><br>　　　　　Debtor. | Bky. No.:　13-42355<br><br>Chapter 11 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**OBJECTION TO DISCLOSURE STATEMENT**

Wells Fargo Bank, N.A. ("Wells Fargo") submits this Memorandum of Law in support of its objection to the Disclosure Statement of the Debtor filed on September 30, 2013 (the "Disclosure Statement").

**ARGUMENT**

**I.     THE DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE INFORMATION.**

Section 1125(b) of the Bankruptcy Code requires the Court to approve a written disclosure statement before the chapter 11 plan proponent may solicit its acceptance or rejection. *See* 11 U.S.C. § 1125(b). The Court's determination as to approval is contingent upon disclosure of "adequate information." *Id.*

The phrase "adequate information" is defined as follows:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders

>of claims or interests of the relevant class[1] to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

*See* 11 U.S.C. § 1125(a)(1). The bankruptcy court has "wide discretion to determine on a case by case basis whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail." *See In re Dakota Rail, Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989)(citations omitted).

The primary purpose of a disclosure statement is to give creditors information necessary to decide whether to accept the plan. *Id*. at 142 (*citing In re Monnier Bros*., 755 F.2d 1336, 42 (8th Cir. 1985)). The *Dakota Rail* Court provided a "non-exclusive and nonexhaustive" list of information typically required in a disclosure statement. *Id*. at 142-43. Among the categories listed by the court are:

    i.    a complete description of the available assets and their value;

    ii.    the anticipated future of the debtor;

    iii.    the source of the information provided in the disclosure statement;

    iv.    the condition and performance of the debtor while in Chapter 11;

    v.    the accounting and calculation methods used to produce the financial information in the Disclosure Statement;

    vi.    any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

    vii.    information relevant to the risks being taken by the creditors and

---

[1] An "investor typical of holders of claims or interest of the relevant class" means an investor having: (A) a claim or interest of the relevant class; (B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and (C) such ability to obtain such information from sources other than the disclosure required by §1125 of the Bankruptcy Code as holders of claims or interests in such class generally have. See 11 U.S.C. §1125(a)(2).

See 11 U.S.C. § 1125(a)(1).

2

      interest holders; and

  viii.  the existence, likelihood and possible success of non-bankruptcy litigation.

*Id.* (*citing In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988)).

Because the Debtor fails to include important information regarding the basis for valuation of property or the derivation of Debtor's disposable income, the Disclosure Statement fails to meet the applicable standard for "adequate information" under § 1125 of the Bankruptcy Code.

## CONCLUSION

Based on the foregoing, Wells Fargo respectfully requests that the Court sustain its objections to the Disclosure Statement and grant it such other relief as the Court deems just and equitable.

            Respectfully submitted,

            **SCHILLER & ADAM, P.A.**

Dated: December 6, 2013    By: */e/ Jeffrey D. Klobucar*
            Jeffrey D. Klobucar (#389368)
            The Academy Professional Building
            25 North Dale Street
            St. Paul, MN 55102-2227
            jklobucar@schillerandadam.com
            Phone: (651) 332-5097
            Fax: (651) 292-9482

            *Attorneys for Wells Fargo Bank, N.A.*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky. No.: 13-42355 |
| Donald Andrew Driggs, | Chapter 11 |
| Debtor. | |

### UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Jeffrey D. Klobucar, an attorney licensed to practice law in this Court, with an office address of The Academy Professional Building, 25 North Dale Street, St. Paul, MN 55102-2227 declare that on December 6, 2013, I caused the following documents:

- **Objection to Disclosure Statement,**
- **Memorandum of Law in Support,**
- **Unsworn Declaration, and**
- **Proposed Order**

to be filed electronically with the Clerk of the Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

**U.S. Trustee** ustpregion12.mn.ecf@usdoj.gov, ecfbkup@comcast.net, Sarah.J.Wencil@usdoj.gov

and in addition, to be served on the parties on the attached service list by enclosing true and correct copies of the same in an envelope, properly addressed and postage prepaid, and depositing the same in the United States mail

| | | |
|---|---|---|
| Donald Andrew Driggs, P.O. Box 405, Spring Park, MN 55384 | Internal Revenue Service Centralized Insolvency Operations PO Box 7346 Philadelphia, PA 19101-7346 | Minnesota Department of Revenue Bankruptcy Section PO Box 64447 St. Paul, MN 55164 |
| Securities and Exchange Commission Bankruptcy Section 175 W Jackson BLVD Ste 900 Chicago, IL 60604-2815 | State of Minnesota Dept. of Manpower Service 1st National bank Bldg. Ste E200 332 Minnesota St. St. Paul, MN 55101 | United States Attorney 600 US Courthouse 300 S 4th Street Minneapolis, MN 55415 |

Minneapolis
301 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

A.J. Driggs
12135 13th Street Northwest
Spicer, MN 56288

Chase Bank
PO box 78420
Phoenix, AZ 85062

Citi Mortgage
PO Box 689196
Des Moines, IA 50368

City of Orono
2750 Kelley Parkway
Crystal Bay, MN 55323

Crown Bank Edina
6600 France Avenue South
Edina, MN 55435

First National Bank of Lakes
2445 Shadywood Road
Navarre, MN 55392

Minneapolis Finance Dept.
PO Box 77028
Minneapolis, MN 55480

MN Dept. of Labor &
Industry
443 Lafayette Road
St. Paul, MN 55155

Nationstar Mortgage
PO Box 650783
Dallas, TX 75265

Wells Fargo Home Mortgage
PO Box 5296
Carol Stream, IL 60197

Internal Revenue Service
Centralized Insolvency
Operations
PO Box 21126
Philadelphia, PA 1

Internal Revenue Service
30 E 7th Street
Stop 5700 Ste 1222
St. Paul, MN 55101

Nationstar Mortgage
350 Highland Drive
Lewisville, TX 75087

JPMorgan Chase Bank,
National Association
c/o Usset, Weingarden &
Liebo, P.L.L.P
4500 Park Glen Road, Suite 300
St. Louis Park, MN 55416

Orin J. Kipp
Wilford, Geske & Cook P.A.
8425 Seasons Parkway, Suite 105
Woodbury, MN 55125

Shapiro & Zielke, LLP
12550 West Frontage Road, Ste 200
Burnsville, MN 55337

Centerpoint Energy
PO Box 1144
Minneapolis, MN 55440

Chase Cardmember Svcs
PO Box 790005
Attn: MS305
Palatine, IL 60094

Convergent Outsourcing Inc.
800 SW 39th
PO Box 9004
Renton, WA 98057

Coy & Associates
5700 Smetana Dr. Suite 110
Hopkins, MN 55343

Dooleys Petroleum Inc.
PO Box 100
Murdock, MN 56271

Hinshaw & Culbertson
333 South 7th Street
Suite 2000
Minneapolis, MN 55402

Marilyn Wasik
3201 Hennepin Avenue South
Minneapolis, MN 55408

| | | |
|---|---|---|
| Northern States Power Excel Energy Po Box 9477 Minneapolis, MN 55484 | Romer & Associates 2318 1st Avenue South Minneapolis, MN 55404 | Bank of America PO Box 15726 Wilmington, DE 19886 |
| FIA Card Services, N.A. 4161 Piedmont Parkway NC4 105 03 14 Greensboro, NC 27410 | CititMortgage, Inc. P.O. Box 688971 Des Moines, IA 50368 | Aurora Loan Services 2617 College Park PO Box 1706 Scottsbluff, NE 69363 |
| Chase Cardmember Services Po Box 94014 Palatine, IL 60094 | PYOD, LLC its Successors and Assigns as assi of Roundup Funding L.L.C. Resurgent Capital Services PO Box 19008 Greenville, SC 29602 | JPMorgan Chase Bank, N.A. 3415 Vision Drive, Mail Code: OH4-7142 Columbus, OH 43219 |
| Citi Mortgage PO Box 790005 Attn: MS 305 Saint Louis, MO 63179 | Kandiyohi County PO Box 896 Willmar, MN 56201 | Nationstar Mortgage Attn: Bankruptcy Department PO Box 630267 Irving, Texas 55480 |
| FIA Card Services, N.A. PO Box 982284 El Paso, TX 79998 | | |

And I declare, under penalty of perjury, that the foregoing is true and correct.

Respectfully submitted,

**SCHILLER & ADAM, P.A.**

Dated: December 6, 2013     By: ***/e/ Jeffrey D. Klobucar***
Jeffrey D. Klobucar (#389368)
The Academy Professional Building
25 North Dale Street
St. Paul, MN 55102-2227
jklobucar@schillerandadam.com
Phone: (651) 332-5097
Fax: (651) 292-9482

***Attorneys for Wells Fargo Bank, N.A.***

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>Donald Andrew Driggs,<br><br>                Debtor. | Bky. No.:  13-42355<br><br>Chapter 11 |

**ORDER**

This matter came before this Court on the objection of Wells Fargo to the Debtor's chapter 11 disclosure statement.  Appearances were noted in the record.  Based upon all the files and records, the Court makes this Order pursuant to the Federal Rules of Bankruptcy Procedure.

**IT IS HEREBY ORDERED**, that Wells Fargo's objection is sustained, and approval of the Debtor's disclosure statement [Docket #33] is denied.

DATED:                                                                    _____
                                                                     Gregory F. Kishel
                                                                     United States Bankruptcy Judge