UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Donald A. Driggs,

Debtor,

BKY No. 13-42355
Chapter 11

RESPONSE AND STATEMENT OF OBJECTION MOTION TO ALLOW A CLAIM

TO: The Honorable Gregory F. Kishel, Chief Judge of the United States Bankruptcy Court, the Clerk of the United States Bankruptcy Court, the United States Trustee, and all parties-in-interest.

COMES NOW, the debtor, Donald A. Driggs, by and through his undersigned attorney, and as and for his response and statement of objection to the motion of Marilyn Wasik for allowance of claim, states as follows:

1. Marilyn Wasik filed a proof of claim in this case. That proof of claim is is identified in the court records as claim 15. That proof of claim asserts a claim in the amount of $128,466. Ms. Wasik has filed a motion to allow her claim. The debtor opposes that motion, and submits this memorandum in response.

2. The motion is procedurally defective. First, the Federal Rules of Bankruptcy Procedure do not provide for a motion to *allow* a claim; the rules only provide for objections to claim. Secondly, the motion to fails to comply with the procedural requirements established in the Federal Rules of Bankruptcy Procedure and the applicable Local Rules.

3. The Federal Rules of Bankruptcy Rules do not provide for a motion to allow a claim. The filing of a proof of claim is essentially self-perfecting. Rule 3001(f) provides in relevant part that: "*Evidentiary effect.* A proof of claim

       executed and filed in accordance with these rules shall constitute *prima facia* evidence of the validity and amount of the claim."

4. The filing of a motion to allow a claim where a proof of claim has already been filed is redundant and pointless. The filing of the claim itself is sufficient to establish the amount of the claim. The rules establish a system in which the debtor schedules claims, and the creditors are afforded the opportunity to file proofs of claim. A properly completed and filed a proof of claim constitutes *prima facia* evidence of the amount of the claim. The burden then falls on the debtor to object to the claim. Once the proof of claim is filed, the creditor need do nothing else; it is up to the debtor to object to the claim. In this system, there is simply no purpose served by a "motion to allow a claim."

5. The rules do not provide for it and there is no purpose served by a motion to allow a claim. The motion should be denied for this reason alone.

6. Even if the court were to construe the claimant's motion as some sort of "reverse" motion objecting to a claim, the claimant has utterly failed to comply with the applicable procedural requirements.

7. A motion objecting to claim requires a minimum of twenty-eight days notice. See, Local Rule 3007-1. The motion must be accompanied by a memorandum an affidavit or a verified statement of facts and proposed order. See, Local Rule 9013-2 (a). These rules are designed to assure that the parties are not ambushed and so that issues are fairly presented to the court, and so that there is a proper evidentiary established of record to support the motion.

8. Here, there is a barely stated motion. There is no accompanying memorandum or affidavit or verified statement of facts and there is no proposed order. The motion does not afford the debtor the required 28-day notice.

9. This motion fails to meet the basic pleading requirements for motions and should be denied for this reason alone.

10. Because the motion is procedurally improper it prejudices the debtor. As described above, there is no such thing as a motion to allow a claim. Such motion is redundant and duplicative and costs the debtor substantial resources to respond to something that is not authorized and not needed.

11. This motion also frustrates the orderly administration of the estate. Commonly, debtors will not file objections to claim until after confirmation. There is little or no reason to expend resources to litigate over claim objections until a plan is confirmed. This motion forces the debtor's hand apparently to litigate over an issue that is not really yet a viable issue. The debtor should not be forced to waste its time, efforts and money addressing a currently moot issue.

12. If the court does reach the merits of this motion, the debtor objects to the allowance of Claim No. 15. The debtor objections to the allowance of Claim No. 15 for two reasons. First, the proof of claim is not properly completed; and it is insufficient on its face to establish the amount of the debt or the nature of the debt. Secondly, the debtor objects to Claim No. 15 because the

claimant states an erroneous amount by reason of the debtor's prior bankruptcy.

13. The proof of claim is accompanied by a series of deposit slips and checks. There is no explanation of the debt. It is claimed to be money loaned, but on its face, the proof of claim does not contain sufficient information upon which a fact finder could determine the nature and amount of the debt. There is no note. Nor is there an affidavit describing the circumstances of the purported. A prudent person reviewing this proof of claim could not reasonably ascertain the nature of the debt. This proof of claim is simply deficient and does not establish adequate proof of the claim.

14. The debtor previously filed for relief under Chapter 11 of the United States Bankruptcy Code. That case was pending under case number 08-41984. The debtor obtained confirmation of a plan of reorganization in that case. Under the debtor's plan, claims were paid approximately three percent (3%) of the allowed amount of the pre-petition claims.

15. Claim No. 15 in this case, arose prior to case number 08-41984. This debt was treated under the prior plan. Consequently, the proof of claim should reflect the amount that was due and owing as a result of the confirmation of the prior plan. Ms. Wasik's claim should be allowed only in the amount of $3,854.

16. The debtor also disputes the validity of the claim. The majority of the amount claimed due in the proof of claim arises out of a failed investment. The debtor operated a music festival. Ms. Wasik invested in this project. The music

festival lost money. There is no promissory note because the debtor did not borrow the money from Ms. Wasik. She invested in a project and she lost her investment. There is no debt owed by the debtor to her.

17. Ms. Wasik's claims are barred by the applicable statute of limitations. Her claims appear to have arisen in 2003. Generally Minnesota imposes a six year limitation on actions to enforce a contract or to collect on a debt. See, generally, Minn. Stat. § 541.05. This claim appears to have accrued in 2003. The claim is approximately ten years old and is barred by the statute of limitations.

18. On information and belief the claimant is including the amount of two notes that were previously resolved in her proof of claim. Attached to this response as exhibit 1 is a release of two notes signed by Ms. Wasik. It appears that Ms. Wasik includes these released liabilities in the amount now claimed due. She has no right to payment on debts that she previously released. The claim should be disallowed to the extent that it seeks recovery for amounts previously released.

19. On the merits, Ms. Wasik does not have a valid enforceable claim against the estate.

Respectfully submitted,

**Joseph W. Dicker, P.A.**

Dated: December 9, 2013        /e/ Joseph W. Dicker
Joseph W. Dicker (158264)
Suite 209
1406 West Lake Street
Minneapolis, MN 55408
Telephone: (612) 827-5941

EXHIBIT 1

## RELEASE OF PROMISSORY NOTES

In consideration of full payment of the promissory notes dated 5/17/01 + 5/21/01 19 01, in the face amount of $ 23,460 + 12,000, the Noteholder Marilyn Wasik _____ residing at 2552 Black Lake Lane, City of Mound, State of MN releases and discharges the Borrower(s) DONALD A DRIGGS residing at 2925 Casso Point, City of Orono, State of MN from any claims or obligations on account of this note.

pd with check # 8273
First Nat'l Bank of the Lakes

The party signing this release intends that it bind and benefit both itself and any successors.

Dated: 3/1/02

_____
(Signature of noteholder)

MARILYN J. WASIK
_____
(Printed name of noteholder)

$35448.36

217

## VERIFICATION

I declare, under penalty of perjury, that I have read the foregoing Response to Motion for Allowance of Proof of Claim and that it is true and correct to the best of my knowledge, information and belief.

Dated: 12-9-13

Donald A. Driggs, Debtor