## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

Donald Andrew Driggs

Debtor.

BKY No. 13-42355
Chapter 11 Case

**DEBTOR'S FIRST MODIFED PLAN OF REORGANIZATION**

**Joseph W. Dicker**
Attorney ID #158264
JOSEPH W. DICKER, P.A.
Suite 209
1406 West Lake Street
Minneapolis, MN  55408
Telephone:  (612) 827-5941

Attorney for Debtor,
Donald Andrew Driggs

## ARTICLE I
## INTRODUCTION

The Debtor, Donald Andrew Driggs, proposes the following First Modified Plan of Reorganization dated February 3, 2014 ("Plan") pursuant to applicable provisions of the United States Bankruptcy Code, Title 11 of the United States Code.

## ARTICLE II
## DEFINITIONS

1. "Effective Date" shall mean the thirtieth day after the date on which an Order confirming the Plan is entered by the Court, and becomes a final non-appealable Order.

2. "Code" shall mean the United States Bankruptcy Code, Title 11 U.S.C. §101, *et seq*.

3. "Court" shall mean the United States Bankruptcy Court for the District of Minnesota, Third Division and/or the United States Bankruptcy Judge hearing this case.

4. "Debtor" shall mean Donald Andrew Driggs, the debtor-in-possession in this bankruptcy case.

5. "Plan" shall mean this First Modified Plan of Reorganization dated February 3, 2014.

6. All other terms used in the Plan shall have the meanings ascribed to them in the Code, Bankruptcy Rules, commercial practice, and ordinary usage.

## ARTICLE III
## UNCLASSIFIED CLAIMS: DESCRIPTION AND TREATMENT

**(a)**  Priority unsecured tax claims entitled to priority pursuant to §507(a)(8) of the Bankruptcy Code include the claims of the United States Internal Revenue Service ("IRS") (to the extent allowed). For the purposes of the Plan, these tax claims will include that portion of the IRS claim allowed by the court. These claims as identified in the IRS' proof of claim is estimated to be $5,000, but that claims is disputed and to the extent allowed will be paid in full on or before within five years of the date of filing, in equal quarterly payments including interest at the rate fixed by statute. These payments will begin on the later of the last day of the first calendar quarter following the Effective Date, or the last day of the first calendar quarter following the date on which the bankruptcy court

2

enters an order allowing this claim and that order has become final and non-appealable.

**(b)** Administrative expenses entitled to priority pursuant to §503(d)(2) or §503(a) of the Bankruptcy Code excluding any claims included in any other class under the Plan. These claims include attorneys' fees for the Debtor's attorneys as may be approved and awarded by the Court pursuant to §330(a) of the Code. The Debtor estimates administrative priority claims for professional persons will be approximately $20,000, as of the date of confirmation. Allowed administrative expenses entitled to priority pursuant to §503(d)(2) of the Code shall be paid in full to the extent allowed by the Court, on the Effective Date, from the Debtor's operating revenues, and from advance retainers paid by the Debtor.

**(c)** Administrative claims entitled to priority pursuant to §503(b)(1) of the Code, including trade payables. Debtor estimates that there will be less than $1,000 of current trade payables due and owing, which would be entitled to priority under §503(b)(1). All such claims shall be paid on the Effective Date or when they come due in the ordinary course of business, whichever is later.

**(d)** United States Trustee fees and other court costs and fees assessed, or accessible pursuant to 28 U.S.C. §1930(a) and (b). The Debtor estimates that unpaid Trustee fees, court fees, and other fees assessable pursuant to these provisions, will be less than $1,500 as of the date of confirmation. All such fees and expenses will be paid on the Effective Date from Debtor's income. Debtor shall continue to pay those fees authorized and assessed or otherwise payable in accordance with 28 U. S. C. § 1930, following confirmation until such time as this Chapter 11 case is closed, dismissed or converted. After confirmation of the Plan, the Debtor shall submit quarterly operating reports to the United States Trustee each quarter (or portion thereof) until this Chapter 11 case is closed, dismissed or converted. These reports shall be in the format prescribed by the United States Trustee.

## ARTICLE IV
## CLASSIFIED CLAIMS: DESCRIPTION AND TREATMENT

**(a)** **Class 1: Secured Claim of Citimortgage Loan Services.** Class 1 consists of the secured claim of Citimortgage Loan Services ("Citimortgage"), arising under a note dated January 29, 2003 in the original principal amount of $560,000, which is secured by a first mortgage lien on and security interest in the Debtor's 3990 Sunset property. As of the date of filing, the balance due to Citimortgage was approximately $689,000. The real property securing this debt has a fair market value as of the date of filing of $425,000. The Debtor will issue an Amended Note in the amount of $425,000 providing for interest at the rate of 4.00%. The Amended Note will mature on January 29, 2033. Payments will be made in the amount of $2,125, with a balloon payment due and payable on the maturity date.

3

(b) **Class 2: Secured Claim of Nationstar Mortgage.** Class 3 consists of the secured claim of Nationstar Mortgage ("Nationstar"), arising under a note dated November 22, 2004 in the original principal amount of $481,300, which is secured by a first mortgage lien on and security interest in the Debtor's 3245 Hennepin Avenue property. As of the date of filing, the balance due to Nationstar was approximately $462,570. The real property securing this debt has a fair market value as of the date of filing of $125,000. The Debtor will issue an Amended Note in the amount of $125,000 providing for interest at the rate of 4.00%. The Amended Note will mature on November 22, 2034. Payments will be made in the amount of $597, with balloon payment due and payable on the maturity date.

(c) **Class 3: Secured Claim of Nationstar Mortgage.** Class 4 consists of the secured claim of Nationstar Mortgage ("Nationstar"), arising under a note dated March 16, 2006 in the original principal amount of $910,000, which is secured by a first mortgage lien on and security interest in the Debtor's 2925 Casco Point Road property. As of the date of filing, the balance due to Nationstar was approximately $766,646. The real property securing this debt has a fair market value as of the date of filing of $417,000. The Debtor will issue an Amended Note in the amount of $417,000 providing for interest at the rate of 4.00%. The Amended Note will mature on March 16, 2036. Payments will be made in the amount of $1,991, with balloon payment due and payable on the maturity date.

(d) **Class 4: Secured Claim of Wells Fargo Bank.** Class 5 consists of the secured claim of Wells Fargo Bank ("Wells Fargo"), arising under a note dated December 19, 2002 in the original principal amount of $100,000, which is secured by a first mortgage lien on and security interest in the Debtor's 29317 – 145th Street property. As of the date of filing, the balance due to Wells Fargo was approximately $131,295.31. The real property securing this debt has a fair market value as of the date of filing of $50,000. The Debtor will issue an Amended Note in the amount of $50,000 providing for interest at the rate of 4.00%. The Amended Note will mature on December 19, 2032. Payments will be made in the amount of $287, with balloon payment due and payable on the maturity date.

(e) **Class 5:    Secured Claim of Chase Manhattan Mortgage Corporation, now known as Chase Home Finance, LLC.** Class 6 consists of the secured claim of Chase Manhattan Mortgage Corporation, now known as Chase Home Finance, LLC("Chase"), arising under a note dated March 20, 2003 in the original principal amount of $646,500, which is secured by a first mortgage lien on and security interest in the Debtor's 4400 Deering Island property. As of the date of filing, the balance due to Chase was approximately $815,000. The real property securing this debt has a fair market value as of the date of filing of $490,000. The Debtor will issue an Amended Note in the amount of $490,000 providing for interest at the rate of 4.00%. The Amended Note will mature on March 20, 2033.

    Payments will be made in the amount of $2,340, with balloon payment due and payable on the maturity date.
.

**(f)**   **Class 6:**   **Secured Claim of First National Bank of the Lakes.**  Class 7 consists of the secured claim of First National Bank of the Lakes ("FNBL"), arising under lien upon and security interest in a boat and trailer.   As of the date of filing, the balance due to FNBL was approximately $5,631.45.  The boat and trailer securing this debt has a fair market value as of the date of filing of $6,500.  The Debtor will reinstate FNBL's note.  Payments will be made in the amount of $200 per month, over a period of two years, with a balloon due at the end of two years.  FNBL's note is treated as fully secured.

**(g)**   **Class 7:**   **General Unsecured Claims.**  Class 8 Unsecured Claims consists of all pre-petition, unclassified non-priority claims including the unsecured non-priority portion of any tax claim (if any), and the unsecured portion of any otherwise secured claims where the claim has been reduced to the current market value of the property in accordance with 11 U.S.C. § 506.  The amount of prepetition unsecured claims is estimated to be $1,950,000.  Holders of Class 7 will receive distributions totaling $50,000. The Debtor will make quarterly distributions of $1,800.  All quarterly distributions will be prorated to holders of Class 7 Claims; with the proration based on the ratio that each holder's claim bears top the total amount of allowed Class 7 Claims.  The Debtor may pre-pay the amounts due to the holders of Class 7 Claims in whole or in part, at any time, in his discretion.  If the Debtor pursues any pre-petition litigation claim, and prevails and recovers any financial, any such financial award (net of litigation fees and costs) shall be distributed to holders of Class 7 Claims as an additional extraordinary distribution.

## ARTICLE V
## IMPAIRED AND UNIMPAIRED CLASSES

Class 1 is unimpaired; all other classes of claims and interests are impaired under the Plan.

## ARTICLE VI
## EXECUTORY CONTRACTS

As of the commencement of the case, the Debtor had no outstanding pre-petition executory contracts.

## ARTICLE VII
## MEANS OF EXECUTION OF THE PLAN

5

On the Effective Date, the Debtor shall be re-vested with title to all property of the bankruptcy estate herein. The Debtor shall continue to operate its business in the ordinary course. All distributions and payments made under the Plan shall be funded form the Debtor's earnings.

The Debtor shall issue restated and amended notes to holders of Class 1 through 6 inclusive. The security interests and liens held by holders of Class 1 through 6, inclusive, shall retain the same dignity, priority and extent as afforded pre-petition of the liens or security interests asserted by the holder of each such claim.

## ARTICLE VIII
## WAIVER AND RELEASE

Confirmation of the Plan shall constitute a complete waiver and release of all claims of all creditors against the Debtor except as provided for in the Plan, and to the extent authorized by 11 U.S.C. §1141. Confirmation of the Plan will bind creditors to accept payments and the promissory notes provided for in the Plan, and will oblige the Debtor to make payments to creditors as provided for in the Plan and the promissory notes provided for in the Plan. Creditors holding judgments against the Debtor on account of or with respect pre-petition claims shall not take any action to enforce such judgments.

The Debtor will move to re-open this case when the plan has been fully administered and the debtor has completed making the required plan payments and to move the court to grant him a discharge in accordance with 11 U. S. C. § 1141 (d) (5)

## ARTICLE IX
## MODIFICATION OF THE PLAN

The Debtor may amend or modify the Plan in the manner provided for under 11 U.S.C. 1126(a) or (b).

Respectfully submitted,

Dated: February 3, 2014     By: _____
                                Donald Andrew Driggs

6