UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

**In re:**

**Donald Andrew Driggs,**                                  Bky. No. 13-42355

**Debtor.**                                                Chapter 11 Case

**UNITED STATES TRUSTEE'S
OBJECTION TO AMENDED DISCLOSURE STATEMENT**

COMES NOW the United States Trustee through his undersigned attorney and objects to the proposed amended disclosure statement submitted by the Debtor. In support of his objection, he states the following:

1. A hearing has been scheduled in this matter on March 11, 2014 at 11:30 a.m.

2. This objection arises under 11 U.S.C. § 1125(b) and FED. R. BANKR. P. 3017. The United States Trustee has standing to object pursuant to 11 U.S.C. § 307.

3. The debtor has failed to file its Rule 2015.3 reports for its businesses, Black Lake LLC, One Mile long, LLC, Regal One, LLC, Great Regal Management, LLC, and Rockit Management, LLC. The debtor submitted an initial report to the U.S. Trustee, but it appears that the report was not filed with the Bankruptcy Court. That report should be filed with the Court. The six month report under Rule 2015.3(b) was due for January 1, 2013 (based on the 7/1/13 date of the initial report, which was submitted late). Given that it appears from the disclosure statement that the debtor may have been circumventing estate insurance money into one of those entities, the Court should not approve the disclosure statement unless an accounting for those funds has been provided to creditors.

4. In the disclosure statement (p. 11) and plan (p. 11), the class numbers used in the

1

narratives are not correct and do not correspond to the class titles.

5. In the plan and disclosure statement, the narrative for class 4 states that the fair market value of the property is $50,000. The market analysis, summary charts, and projections list the fair market value at $60,000.

6. In the plan and disclosure statement, the narrative of class 7 (unsecured) fails to state how long the quarterly payments will be made.

7. In the monthly portion of the projections, the rental income starts for some of the properties prior to the "fully rented" dates shown on page 7 of the disclosure statement, specifically 3245 Hennepin, 3990 Sunset, and 2925 Casco.

8. The projections are missing the payments for class 6 (boat), class 7 (unsecured), and administrative expenses.

9. In the monthly portion of the projections, the "Annual Mortgage Payments" line item should be "Monthly".

10. On p. 5 of the disclosure statement, it states that the debtor used $400,000 out of $500,000 of the insurance proceeds paid for 3245 Hennepin on restoration work. The disclosure statement fails to mention where the other $100,000 is, and how those funds or other funds on hand will be used (the MORs state that the debtor has $82,000 in the DIP account). In addition, during the bankruptcy case the debtor has not reported anywhere near $400,000 or $500,000 in receipts, so most of the funds would have been spent pre-petition. It is not clear why it is taking the debtor so long to put in a tenant. The disclosure statement should clarify when the renovations began, then they were completed or expected complete date, what remains to be done, and the expected cost.

11. On p. 6 of the disclosure statement, it states that the debtor completed restoration work on 29317 145th ST and 4400 Deering. The debtor should disclose how much it spent, when

they were done, how it funded the restoration work, what remains to be done and the expected completion date.

12.     For the fair market values used by the debtor, it does not specify whether the debtor's fair market value was made prior to or after the restoration work.   For example, the debtor is asserting that 3245 Hennepin has a fair market value of $125,000; however, the debtor also states that it put $400,000 in restoration work.    The debtor's fair market value appears to not take the restoration work into account.

WHEREFORE, the United States Trustee requests that the Bankruptcy Court not approve the disclosure statement and proposed plan submitted by the Debtor until his objections are met.

Dated:   February 25, 2014

                                        DANIEL MCDERMOTT
                                        United States Trustee
                                        Region 12

                                         /e/Sarah J. Wencil
                                        Sarah J. Wencil
                                        Trial Attorney
                                        Office of U.S. Trustee
                                        Iowa Atty. No. 14014
                                        U.S. Courthouse, Suite 1015
                                        300 South Fourth Street
                                        Minneapolis, MN 55415
                                        TELE: (612) 334-1350

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Donald Andrew Driggs,**                               Bky. No. 13-42355

**Debtor.**                                             Chapter 11 Case

---

**UNITED STATES TRUSTEE'S
MEMORANDUM OF LAW IN SUPPORT OF
OBJECTION TO DISCLOSURE STATEMENT**

---

The primary purpose of a disclosure statement is to give creditors information necessary to decide whether to accept the plan. *In re Monnier Bros.,* 755 F.2d 1336, 1342 (8th Cir. 1985).

Section 1125(b) provides that a written disclosure statement must contain adequate information. 11 U.S.C. § 1125(b). "Adequate information" is defined as:

> [I]nformation of a kind, and in sufficient detail as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan; and need not include such information about any other possible or proposed plan; and need not include such information about any other possible or proposed plan;

11 U.S.C. 1125(a)(1).

Section 1125(a)(1) leaves the bankruptcy court with wide discretion to determine whether a disclosure statement complies with the adequate information requirement. *In re Dakota Rail, Inc.,* 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (citing *In re Texas Extrusion Corp.,* 844 F.2d 1142, 1157 (5th Cir.), *cert. denied,* ___ U.S. ___, 109 S. Ct. 311, 102 L. Ed. 2d 330 (1988)). A non-exhaustive list of the types of factors to be included in a disclosure statement may be found in *Dakota Rail.* 104 B.R. at 142-43; LAWRENCE P. KING, 7 COLLIER ON BANKRUPTCY ¶ 1125.02[2], at 1125-10 (15th ed. 1997); *see also In re Haukos Farms, Inc.,* 68 B.R. 428 (Bankr.

1

D. Minn. 1986).

     In this case, the objections by the United States Trustee relate to missing items that are generally required in disclosure statements and/or plans, such as financials, *see In re Dakota Rail,* 104 B.R. at 142-43, or relate to confusing explanations or typographical errors. It is reasonable to require the debtor to fix his disclosure statement and plan to address these deficiencies, as corrections will make it easier for voters to understand the plan and its proposed treatment of their claims.

Dated: February 25, 2014                            DANIEL MCDERMOTT
                                                  United States Trustee Region 12

                                                  /e/ Sarah J. Wencil
                                                  Sarah J. Wencil
                                                  Trial Attorney
                                                  Office of U.S. Trustee
                                                  Iowa Atty. No. 14014
                                                  U.S. Courthouse, Suite 1015
                                                  300 South Fourth Street
                                                  Minneapolis, MN 55415
                                                  TELE: (612) 344-1350

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In re:**

| | |
|---|---|
| **Donald Andrew Driggs,** | **Bky. No. 13-42355** |
| **Debtor.** | **Chapter 11 Case** |

---

**CERTIFICATE OF SERVICE**

---

The undersigned states that she electronically filed the United States Trustee's objection to disclosure statement, and thereby caused to be served electronically, the following individuals:

- Joseph W. Dicker    joe@joedickerlaw.com, joyce@joedickerlaw.com
- Kevin T Dobie    kevin@ouwlaw.com, alysa@ouwlaw.com;maria@ouwlaw.com;darren@ouwlaw.com;kong@ouwlaw.com;melissa@ouwlaw.com
- Thomas J. Hainje    thainje@logs.com, lwirth@logs.com
- Orin J Kipp    okipp@wilfordgeske.com, rtveit@wgcmn.com;jegge@wgcmn.com
- Jeffrey D. Klobucar    jklobucar@schillerandadam.com, candace@schillerandadam.com;kariann@schillerandadam.com;denise@schillerandadam.com
- Paul A Weingarden    alysa@ouwlaw.com, paul@ouwlaw.com;darrenkachan@ouwlaw.com;mariaaligah@ouwlaw.com;melissa@ouwlaw.com

Executed on February 25, 2014    /s/ Sarah J. Wencil
Sarah J. Wencil
Office of the US Trustee

3

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**In re:**

**Donald Andrew Driggs,**                              **Bky. No. 13-42355**

    **Debtor.**                                        **Chapter 11 Case**

## ORDER

St. Paul, Minnesota,

The adequacy of the debtor's amended disclosure statement and objections thereto came for hearing before the undersigned.

Based upon a review of the files, pleadings and record of this case,

IT IS HEREBY ORDERED:

The disclosure statement is not approved under 11 U.S.C. § 1125.

Dated: _____                    _____
                                                 Chief Judge Gregory F. Kishel
                                                 United States Bankruptcy Court