**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

**Donald Andrew Driggs,**                                **Bky. No. 13-42355**

    **Debtor.**                                          **Chapter 11 Case**

---

**NOTICE OF HEARING ON**
**MOTION TO CONVERT CHAPTER 11 CASE**

---

TO:    The debtor, all creditors and other parties in interest:

The United States Trustee has filed a motion to dismiss or convert the above named Chapter 11 case pursuant to 11 U.S.C. § 1112(b).

The hearing will be held on July 9, 2014 at 9:30 a.m. before the United States Bankruptcy Court, Courtroom 2A, U.S. Courthouse, 316 N. Robert St., St. Paul, MN 55101.

Any response to this motion must be filed and delivered not later than July 3, 2014, which is five days before the time set for the hearing (excluding intermediate Saturdays, Sundays and legal holidays).    Local Bankruptcy Rule 9006-1.

Dated: _____

 

                                                              _____
                                                              CLERK OF BANKRUPTCY COURT

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

| | |
|---|---|
| **Donald Andrew Driggs,** | Bky. No. 13-42355 |
| **Debtor.** | Chapter 11 Case |

**NOTICE OF HEARING AND MOTION TO**
**CONVERT OR DISMISS CHAPTER 11 CASE**

COMES NOW the United States Trustee through his undersigned attorney, Sarah J. Wencil, and moves the Court to convert this Chapter 11 case. In support of his motion, he states the following:

1. The hearing will be held on July 9, 2014 at 9:30 a.m. before the United States Bankruptcy Court, Courtroom 2A, U.S. Courthouse, 316 N. Robert St., St. Paul, MN 55101.

2. Any response to this motion must be filed and delivered not later than July 3, 2014, which is five days before the time set for the hearing (excluding intermediate Saturdays, Sundays and legal holidays). Local Bankruptcy Rule 9006-1.

3. The UST has standing to bring this motion pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586. This matter is a core-proceeding arising under 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This motion is brought pursuant to 11 U.S.C. §1112(b). Local Bankruptcy Rule 1017-2 provides that a motion to convert may be treated as a motion to dismiss if the Court finds dismissal in the best interest of the creditors and the estate.

4. The debtor previously filed a chapter 11 case (BK 08-41984). The Court confirmed the Eighth Modified Plan on April 30, 2009. After confirmation, at least three creditors moved for relief from the automatic stay after the debtor failed to make the requirement payments under the plan in BK 08-41984: Heritage Bank (Doc. 223); CitiMortgage, Inc. (Doc. 227) and Wells Fargo Bank (Doc. 231). The Court eventually dismissed the case before a discharge was granted (Doc. 257).

2

5. The debtor filed the present case on May 8, 2013. A confirmation hearing is scheduled for July 9, 2014, at 9:30 a.m. In the present plan, the debtor has five parcels of real estate that he is restructuring.

6. Cause will exist to dismiss or convert this case for failure to confirm a plan at the completion of the confirmation hearing starting on July 9, 2014.

7. Cause exists to dismiss or convert this case for gross mismanagement of the bankruptcy estates funds under § 1112(b)(4)(B) and/or possible misuse of cash collateral under § 1112(b)(4)(D).

8. As required by Federal Rule 2013.5, the debtor filed two periodic reports of value for his related entities on March 14, 2014 (Reports). Docs. No. 83 (1/1/13 – 5/31/13) & 84 (6/1/13-1/1/14)(Hereinafter, "Report 83" and "Report 84").

9. Report 84 shows that the debtor-in-possession's property, specifically insurance proceeds from damage caused to real estate located at 3245 Hennepin, was deposited into the account of the related entity One Mile LLC instead of into a debtor-in-possession account subject to the supervision of the Bankruptcy Court. Given that the insurance proceeds belonged to the estate, the diversion of funds was inappropriate under chapter 11. It appears that the proceeds were all expended through that account. From prior testimony, it appears that the debtor hired himself for general contracting work to perform repairs on the underlying real estate. Report 84 also shows that the debtor paid personal expenses from the insurance proceeds, instead of using the proceeds for the repair of the real estate.

10. Cause exists to convert this case due to unreasonable delay and prejudice to creditors.

11. The United States Trustee requests that this case be converted. This is the debtor's second chapter 11 case, so an independent trustee should liquidate the estate for the benefit of creditors. It appears that some equity exists in the debtor's assets.

WHEREFORE, the United States Trustee requests that the Court convert the above named Chapter 11 case to Chapter 7.

Dated: June 18, 2014

DANIEL MCDERMOTT
United States Trustee
Region 12

 /s/ Sarah J.   Wencil
Sarah J.   Wencil
Trial Attorney
Office of U.S. Trustee
Iowa Atty. No. 14014
1015 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1350

## VERIFICATION

      I, Sarah J. Wencil, Trial Attorney for the United States Trustee for the District of Minnesota, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on June 18, 2014                                   /s/Sarah J. Wencil
                                                                                    Trial Attorney
                                                                                    Office of U.S. Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

**Donald Andrew Driggs,**                                    Bky. No. 13-42355

**Debtor.**                                                   **Chapter 11 Case**

## MEMORANDUM OF LAW

Section 1112(b)(1) provides that the Court shall dismiss or convert a case for cause absent unusual circumstances specifically identified by the Court that establish that conversion or dismissal is not in the best interest of the estate. 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) provides a non-exhaustive list of grounds for finding cause. *In re Kerr*, 908 F.2d 400 (8th Cir. 1990)(citing pre-BAPCPA §1112(b)); *In re Keeley and Grabanski Land Partnership*, 460 B.R. 520, 536 (Bankr. D. N.D. 2011)(citing post-BAPCPA §1112); *In re Walton Street Properties, LLC*, 2011 WL 7179642, at * 3 (Bankr. W.D. Ark. 2011).

Section 1112(b)(4)(A), which is relevant in this case, states that cause includes:

(B) gross mismanagement of estate;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) inability to effectuate substantial consummation of a confirmed plan.

11 U.S.C. § 1112(b)(4)(B), (D) and (E). Cause may also include the failure to confirm a plan. *Repurchase Corp. v. Bodenstein*, 2008 U.S. Dist. LEXIS 23504 (N.D. Ill. March 24, 2008). Cause may also be unreasonable delay by the debtor that is prejudicial to creditors is regarded as cause under Section 1112(b). *Carreras v. Palmas Doradas Condo. Homeowners Ass'n (In re Carreras)*, 2013 Bankr. LEXIS 4567 (B.A.P. 1st Cir. Oct. 24, 2013).

This case is the debtor's second attempt at reorganizing under chapter 11. His first

1

attempt was not successful. Therefore, if the debtor cannot confirm a plan in this case, the Court should convert the case.

The debtor has enjoyed protection from the automatic stay for approximately six years between the two cases. Therefore, further delay is prejudicial to creditors who have not been paid during that time. The prejudice is cause to convert this case.

In addition, it appears that the debtor has failed to deposit estate funds into the debtor-in-possession account and has expended those funds through a related entity One Mile LLC. Mismanagement concerns the handling of estate assets. *In re Charles Street African Methodist Episcopal Church of Boston*, 499 B.R. 66, 114 (Bankr. D. Mass. 2013); *In re Grasso*, 497 B.R. 448 (Bankr. E.D. Pa. 2013(finding that comingling estate assets with the nondebtor entities constitutes gross mismanagement). Cause exists to convert a case for gross mismanagement of the bankruptcy estate under Section 1112(b)(4)(B).

A bankruptcy court has broad discretion in deciding whether to dismiss or convert a Chapter 11 case. *Lumber Exchange Bldg., Ltd. v. Mutual Life Ins. Co. (In re Lumber Exchange Bldg., Ltd.)*, 968 F.2d 647, 648 (8th Cir. 1992). The United States Trustee requests that the Bankruptcy Court convert this case for cause pursuant to 11 U.S.C. § 1112(b)(4).

Dated: June 18, 2014                                    DANIEL MCDERMOTT
                                                        United States Trustee
                                                        Region 12

                                                        /s/ Sarah J. Wencil
                                                        Sarah J. Wencil
                                                        Trial Attorney
                                                        Office of U.S. Trustee
                                                        Iowa Atty. No. 14014
                                                        1015 United States Courthouse
                                                        300 South Fourth Street
                                                        Minneapolis, MN 55415
                                                        (612) 334-1350

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

**Donald Andrew Driggs,**                                  Bky. No. 13-42355

**Debtor.**                                                Chapter 11 Case

---

## UNSWORN CERTIFICATE OF SERVICE

---

The undersigned hereby certifies under penalty of perjury that on June 18, 2014, she caused to filed electronically the attached: Notice of Hearing on Motion to Convert or Dismiss Chapter 11 Case, Notice of Hearing and Motion to Convert or Dismiss Chapter 11 Case, Verification, Memorandum of Law and proposed Order, thereby causing the following parties to be served by CM/ECF or first class mail postage pre-paid at the addresses set forth below:

CM/ECF:

- Joseph W. Dicker     joe@joedickerlaw.com, joyce@joedickerlaw.com
- Kevin T. Dobie      kevin@uwllaw.com, alysa@uwllaw.com;maria@uwllaw.com;darren@uwllaw.com;melissa@uwllaw.com
- N. Kibongni Fondungallah    kibong@schillerandadam.com, candace@schillerandadam.com;denise@schillerandadam.com
- Melissa Hedtke    melissa.j.hedtke@irscounsel.treas.gov, stpirs.bk.email@irscounsel.treas.gov
- Jared D. Kemper     jkemper@dykema.com, cgessell@dykema.com
- Orin J. Kipp     okipp@wilfordgeske.com, rtveit@wgcmn.com;jegge@wgcmn.com;cadams@wgcmn.com;lfrancis@wgcmn.com
- Gary Van Winkle     gvanwinkle@mylegalaid.org, murich@mylegalaid.org;dldaniels@mylegalaid.org
- Paul A. Weingarden     alysa@uwllaw.com, paul@uwllaw.com;darren@uwllaw.com;maria@uwllaw.com;melissa@uwllaw.com

Directly Serviced by email:   Thomas Flynn    tflynn@larkinhoffman.com

FIRST CLASS MAIL:

United States Attorney
District of Minnesota
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415

1

Internal Revenue Service
Wells Fargo Place
30 East 7th Street # 1222, Mail Stop 5700
St. Paul, MN   55101

MN Department of Revenue
Bankruptcy Section
P O Box 64447
St. Paul, MN   55164-0447

FIA Card Services, N.A.
4161 Piedmont Parkway
NC4 105 03 14
Greensboro, NC 27410

Douglas Stone
H & R Block
6312 Minnetonka Blvd.
St. Louis Park, MN 55416

Donald Driggs
POST OFFICE BOX 405
SPRING PARK, MN 55384


Executed:   June 18, 2014

**By: /s/ Sarah J. Wencil**
Sarah J. Wencil
**Office of the United States Trustee**

2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**In re:**

**Donald Andrew Driggs,**                          Bky. No. 13-42355

  **Debtor.**                                     Chapter 11 Case

---

## ORDER

---

At Minneapolis, Minnesota.

The United States Trustee's motion to dismiss or convert this chapter 11 case came before the bankruptcy court.

Based on the pleadings, file and record of the these proceedings:

IT IS HEREBY ORDERED:    This chapter 11 case is converted to chapter 7 pursuant to 11 U.S.C. § 1112(b)(1).


Dated:                                    _____

                                          Chief Judge Gregory F. Kishel
                                          United States Bankruptcy Court